United States District Court
Southern District of Texas
**ENTERED**
May 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUIDO  HERRERA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-161 |
| | § | |
| JOHN F KERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is the "Defendants' Motion to Dismiss as Moot,"[1] filed by Defendants The United States of America and John F. Kerry ("Mr. Kerry") (collectively "Defendants"). Plaintiff Guido Herrera ("Plaintiff") has timely filed a response.[2] After reviewing the motion, response, record, and relevant authorities, the Court **GRANTS** the motion and **DISMISSES** Plaintiff's claim.

### I.      Background

This is an action for declaratory relief pursuant to 28 U.S.C. §2201. Plaintiff filed the claim in this Court on April 15, 2015,[3] asserting that he is a United States citizen whose passport application was wrongly denied by the Department of State on November 24, 2014. Specifically, Plaintiff's complaint asserts that the Department of State denied Plaintiff's passport application because it found he failed to establish by a preponderance of the evidence that he was a citizen of the United States.[4] Moreover, Plaintiff claims that he "has been denied a right or privilege claimed as a national of the United States . . . by virtue of the refusal of the Department of State

---

[1] Dkt. No. 20 ("Motion to Dismiss").
[2] Dkt. No. 24 ("Response").
[3] Dkt. No. 1.
[4] *Id*. at ¶ 13.

to issue them [sic] United States Passport."[5] Thus, Plaintiff requests the Court declare Plaintiff to be a citizen of the United States, and permanently enjoin Mr. Kerry from denying him a United States passport.[6]

However, on March 22, 2016, the United States Department of State issued Plaintiff a United States passport.[7] Moreover, Defendants contend that Plaintiff's complaint is now moot since he is no longer being denied any right or privilege of United States citizenship.[8] Thus, Defendants request the Court dismiss the claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.[9] The Court now turns to the instant motion.

## II.      Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a civil action for lack of subject matter jurisdiction.[10] The burden of establishing federal jurisdiction rests on the party seeking the federal forum.[11] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[12] When conducting a Rule 12(b)(1) analysis, the Court may consider disputed facts and should grant the motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[13] The Court can determine a lack of subject matter jurisdiction by looking at "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

---

[5] *Id*. at p. 4.
[6] *Id*. at p. 5.
[7] Dkt. No. 20, Exh. A at p. 2.
[8] Motion to Dismiss at p. 9.
[9] *Id*. at p. 3.
[10] FED. R. CIV. P. 12(b)(1).
[11] *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[12] *Id*. (quotation marks and citations omitted).
[13] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (quoting *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010).

undisputed facts plus the court's resolution of disputed facts."[14] Since the Court is not obligated to accept a plaintiff's complaint as true, the Court may consider extrinsic evidence when assessing whether it has jurisdiction.

### III. Discussion

"An individual who claims a denial of a right or privilege as a national by any department or independent agency may seek a declaration of citizenship under § 1503(a)."[15] However, district courts do not have jurisdiction pursuant to § 1503(a) "where [a] plaintiff has not been denied a right or privilege as a national of the United States pursuant to a final administrative determination."[16] Furthermore, "any set of circumstances that eliminates [the] actual controversy after the commencement of a lawsuit renders that action moot."[17]

Here, it is undisputed that Plaintiff has been issued a United States passport by the Department of State.[18]  Plaintiff's response to the instant motion argues that the action is not moot despite the issuance of Plaintiff's passport because "whenever [Plaintiff] tries to renew his passport, he risks another (arbitrary) denial of his application."[19] However, in *De Esparza v. Kerry*, 548 F. App'x 216, (5th Cir. 2013), the Fifth Circuit held that a plaintiff who has been issued a United States passport cannot maintain a declaratory judgment claim pursuant to § 1503(a) on the theory that the passport may be revoked at some point in the future.  Moreover, in *De Esparza*, the Court explained that the plaintiff in that case had "not shown she was denied a right or privilege as a United States national" because the passport "may be used as evidence of

---

[14] *A.A. v. Houston Indep. Sch. Dist.*, CIV.A. H-10-03394, 2011 WL 181356, at *1 (S.D. Tex. Jan. 19, 2011).
[15] *De Esparza v. Kerry*, 548 F. App'x 216, 217 (5th Cir. 2013) (quoting *Garcia v. Freeman*, No. 12–41458, 542 Fed. Appx. 354, 355, 2013 WL 5670856, at *1 (5th Cir. 2013)).
[16] *Id*. (quotations and citation omitted).
[17] *Id*. (quotations and citation omitted).
[18] Response at p. 5.
[19] *Id*. at p. 4.

her citizenship during its period of validity."[20] Finally, the Court in *De Esparza* noted that a declaration of citizenship under such circumstances would essentially be nothing more than an advisory opinion.[21]

Similarly, Plaintiff's issued passport properly evidences his United States citizenship. Thus, the issuance of a United States passport to Plaintiff renders this action moot because Plaintiff can no longer assert that he is being denied a claimed right or privilege as a citizen of the United States. Accordingly, Defendants' motion to dismiss is **GRANTED** and Plaintiff's declaratory judgment action is **DISMISSED**.

## IV.   Holding

For the foregoing reasons, the Court **GRANTS** Defendants' Rule 12(b)(1) motion to dismiss. Plaintiff's claims are hereby **DISMISSED**. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 31st day of May, 2016.

_____
Micaela Alvarez
United States District Judge

---

[20] *De Esparza v. Kerry*, 548 F. App'x 216, 217-18 (5th Cir. 2013).
[21] *Id.* at 218.